**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elimane Tall, | Case No. CV 07-004-PHX-DGC (JM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Phillip Crawford, | |
| Respondent. | |

Petitioner Elimane Tall filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). Pending before the Court is Respondent's "Suggestion of Mootness" [Docket No. 20] notifying the Court that the Petitioner had been released and deported to Dakar, Senegal on July 10, 2008, and suggesting that the issues raised in the Petition are now moot. Petitioner has not responded to the Respondent's suggestion. The Magistrate Judge agrees with Respondent's suggestion and, therefore, recommends that this case be dismissed as moot.

**I.     Discussion**

A case is moot if it does not satisfy the case or controversy requirement of Article III, § 2, of the Constitution. *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally conginizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). The court does not have the power to decide a case that does not affect the rights of the litigants. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Mitchell v. Dupnik*, 75 F.3d 517, 527-28 (9th Cir. 1996).

The Ninth Circuit has held that where a habeas petitioner requests only that he be

released from immigration custody and is then released while the case remains pending, there is no further relief the court can provide. *Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991). In such situations, the Ninth Circuit will dismiss the action. *Id.* at 776. Based on these directives, the instant case is moot. The petition alleges that Petitioner is being detained indefinitely and requests that the Court "issue a writ of habeas corpus directing the respondent to release the petitioner forthwith . . . ." *Docket No. 1*, p. 17. The documentation provided by the Respondent indicates that Petitioner has been released from custody. Petitioner has not challenged this assertion. Accordingly, there is no further relief the court can provide and the case is moot. *See Picrin-Peron*, 930 F.2d at 776.

## II. Recommendation

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule – Civil 72.1(b), the Magistrate Judge recommends that the District Court, after an independent review of the record, **dismiss as moot** Petitioner's petition for writ of habeas corpus [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-004-PHX-DGC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 12th day of November, 2008.

Jacqueline Marshall
United States Magistrate Judge